### 17999.   AYERS *et al* v. CALHOUN, receiver.

In the petition in this case, by which the receiver of an insolvent bank sought to recover a balance alleged to be due on subscriptions to stock of the bank, and in which it was alleged that the defendants got together and illegally and collusively sold their stock to the bank when it was insolvent, a cause of action was stated; and there was no misjoinder of parties or of causes of action.

The amendment, by which it was sought to consolidate this case with an action of the receiver against the remaining stockholders of the bank, to recover the amount due on their unpaid stock subscriptions and the amount of their double liability, was properly allowed.

The court did not err in overruling the demurrer or in ordering that the cases be consolidated.

DECIDED MAY 11, 1927.

Complaint; from Wheeler superior court—Judge Camp presiding.   November 8, 1926.

Application for certiorari was made to the Supreme Court.

*Archibald H. Davis,* for plaintiffs in error.  *W. S. Mann,* contra.

BLOODWORTH, J.   Error is assigned because of an amendment to the petition, and because of the consolidation of two cases pending in the same court.   To make clear the rulings in the headnotes

Actions, 1 C. J. p. 1124, n. 16; p. 1125, n. 33.
Banks and Banking, 7 C. J. p. 737, n. 5.

it is necessary to add the following only: The petition, which was amended, was brought by Calhoun as receiver of the Bank of Alamo, against Mrs. Nettie C. Ayers, H. F. Rogers, Mrs. J. L. Rogers, and I. C. Sinclair. The court, on motion of the defendant's attorneys, dismissed the suit as to H. F. Rogers. The petition alleged, that on or about the 14th of March, 1914, the defendants were stockholders in said bank; "that about said time said defendants got together and illegally and without lawful authority and collusively sold said stock to said bank and received from said bank therefor the sum of $4,875; that at said time said parties had only paid the said bank on said stock sixty per cent. thereof, and was [were] due said bank on their stock subscriptions for said several shares of stock the sum of $2,600, which said amount they never at any time paid said bank. At the time of the selling of said stock to said bank as aforesaid the said bank was insolvent, and said defendants knew and had notice that the said bank was insolvent;" and that said defendants are indebted to said bank in the sum of $4,875. The amount of indebtedness of each of the defendants was set out, and it was alleged that these amounts were sued for "for the benefit of the depositors." To the petition a demurrer was filed, on the following grounds: "1. Because the same sets out no cause of action. 2. Because there is a misjoinder of parties defendant, there being no facts alleged which show any joint liability. 3. Because there is misjoinder of causes of action, the petition seeking to recover on account of a fraudulent sale (the same being a tort), on account of unpaid balance of subscription to stock, and on account of a double liability. 4. Because no facts are alleged showing insolvency of the bank or showing liability for unpaid stock subscriptions, or showing double liability on the part of the stockholders." An amendment to the petition was filed, in which it is alleged that Calhoun, as receiver, by proper order of the court was authorized to bring said suit, and that since taking over the assets of said bank he has reduced the same "to cash and collected all of the notes and accounts due said bank that it is probable he will be able to collect or reduce to cash, and the same is insufficient to pay the indebtedness due by said bank; . . that petitioner has pending in his favor, as receiver in this court, a suit against all of the remaining stockholders of said bank, the same being au-

thorized by an order of this court, to recover of said stockholders the amount of their respective subscriptions to the capital stock of said bank, the same being forty per cent. (40%) thereof, and also to recover of said stockholders their double liability in favor of and for the benefit of depositors; that the subject-matter of said suit and of this suit is the same and identical and in which your petitioner as plaintiff and the defendants in that suit and in this suit are all alike interested; that the obligations and liabilities of the defendants in this suit sought to be enforced by your petitioner are assets of said bank for the benefit of creditors, and directly relate to and fix and determine the amount of liability of the remaining stockholders in the suit against them, and that the suit against the remaining stockholders is assets for the benefit of creditors relating to and fixing and determining the amount of liability of the defendants in this suit; that the nature of the claims and demands of your petitioner against all of the defendants in both of said suits for the benefit of creditors are such that each relates to and fixes and determines the liability of all of the others of the defendants, and are such that some of the demands against some of the defendants, if collected and realized, would result in decreasing the liability of all of the defendants on other or like demands against all of them, and in like manner, should the same be collected and enforced, would result in increasing the like and common demand against all of said defendants; that there should, therefore, be an accounting between the parties as between the defendants themselves and as between your petitioner and the defendants, in order and for the purpose to fix and determine the liability of each of said defendants. To bring suit against each of said defendants separately would involve plaintiff in a multiplicity of suits at great expense and cost to the estate represented by him, and the same would result in collecting from some of such defendants more than a just proportion of the obligations of such defendants to said bank for the benefit of the creditors. That this court has jurisdiction of the subject-matter of this suit, the original petitions for receiver having been filed in this court and receiver appointed by this court, and the said bank and its affairs now being in the custody and jurisdiction of this court, through said case and its receiver, your petitioner. That the suit in this case and the said suits in favor of your peti-

tioner against the remaining stockholders, filed to the March term, 1917, are both pending in this court, and they should be consolidated into one action by order and judgment of this court, in order that there might be a proper accounting between the parties and a fair and just adjustment of the liabilities of the several defendants to said bank and to your petitioner as receiver thereof." The prayer of the petition is, "that this his amendment be allowed; and that the above-stated cause, by order and judgment of the court, be consolidated with the case in favor of your petitioner against the remaining stockholders, being styled B. S. Calhoun, receiver, vs. S. I. Bullard et al., filed to the March term, 1917, of this court, and that said two cases proceed as so consolidated; that there be an accounting between the parties; that the liabilities of the several defendants may be equitably and justly proportioned and fixed; and that petitioner have judgment against each of the several defendants for their respective obligations and liabilities as so fixed and determined; and petitioner prays for such other and further relief as to the Court may seem proper and the exigencies of the said case may require."

The amendment and the motion to consolidate the two cases was allowed, and the defendants excepted.

*Judgment affirmed.*    *Broyles, C. J., and Luke, J., concur.*